UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH R.,

                Plaintiff,

v.                                                                                     1:19-CV-0776
                                                                                       (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC          JUSTIN JONES, ESQ.
  Counsel for Plaintiff                                        KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                        ANNE ZEIGLER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   DENNIS CANNING, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 10.)[1]  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

---

[1] In accordance with a Standing Order dated November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

I.     **RELEVANT BACKGROUND**

   A.   **Factual Background**

Plaintiff was born in 1970. (T. 58.) She completed high school. (T. 206.) Generally, Plaintiff's alleged disability consists of a back injury. (T. 205.) Her alleged disability onset date is May 26, 2013. (T. 58.) Her date last insured is December 31, 2017. (T. 58.) Her past relevant work consists of collector, customer service, and stocker. (T. 207.)

   B.   **Procedural History**

On February 4, 2015, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 58.) Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On July 6, 2017, Plaintiff appeared before the ALJ, Hortensia Haaversen. (T. 29-57.) On December 26, 2017, ALJ Haaversen issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-28.) On April 16, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

   C.   **The ALJ's Decision**

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-24.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2017 and Plaintiff had not engaged in substantial

2

gainful activity since May 26, 2013.  (T. 17.)  Second, the ALJ found Plaintiff had the severe impairments of: status post cervical fusion surgery, obesity, and asthma.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 18.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a); except, Plaintiff was:

> limited to only frequently climbing of ramps and stairs, but should not be expected to climb ladders, ropes, or scaffolds.  Additionally, [Plaintiff] should only frequently perform activities that require balance, and should only occasionally stoop, kneel, crouch, or crawl.  Finally, [Plaintiff] should avoid concentrated exposure to extreme cold, heat, wetness, humidity, fumes, odors, dusts, gases, poor ventilation, and unprotected heights.

(T. 18.)[2]  Fifth, the ALJ determined Plaintiff capable of performing past relevant work as an order clerk and collections clerk.  (T. 23.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes one separate argument in support of her motion for judgment on the pleadings.  Plaintiff argues the ALJ did not properly evaluate the opinion of her treating physician, Edward Simmons, M.D.  (Dkt. No. 6 at 13-21.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 9.)

### B.     Defendant's Arguments

---

[2] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. §§ 404.1567, 416967(a).

In response, Defendant makes one argument. Defendant argues the ALJ properly evaluated the opinion of Plaintiff's treating source, Dr. Simmons. (Dkt. No. 8 at 17-26.)

## III.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.   Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff argues the ALJ failed to properly assess the opinions of treating source, Dr. Simmons under the treating physical rule. (Dkt. No. 6 at 13-21.) Plaintiff argues the ALJ failed to apply the "*Burgess* factors" in her assessment of Dr. Simmons's opinions and failed to provide good reasons for assigning the opinions less than controlling weight. (*Id.*)

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2)[3]. When assigning less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). Those factors, referred to as "the *Burgess* factors," are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella,* 925 F.3d at 95-96 (citation omitted); 20 C.F.R. §§ 404.1527(c)(2). 416.927(c).

A reviewing court should remand for failure to consider explicitly the *Burgess* factors unless a searching review of the record shows that the ALJ has provided "good

---

[3] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

6

reasons" for its weight assessment.  *Estrella*, 925 F.3d at 96; *see Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019) ("While the ALJ here did not always explicitly consider the *Burgess* factors when assigning the treating physician' opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned.").

Dr. Simmons provided multiple opinions regarding Plaintiff's ability to work.  Throughout his treatment records, Dr. Simmons remarked Plaintiff had a "total disability with regards to her regular work and a marked partial disability with regard to all work."  (T. 307, 310, 313, 316, 319, 322, 328, 331, 336.)  In May 2014, Dr. Simmons stated he was "going to allow her to resume gainful employment with light duty restrictions."  (T. 316.)  In October 2015, Dr. Simmons reviewed a Functional Capacity Evaluation ("FCE") performed by Mark Howard, DPT indicating Plaintiff could work at a "less than sedentary" level and appears to adopt the FCE findings.  (T. 304.)  The ALJ properly assessed each opinion provided by Dr. Simmons.

The ALJ properly afforded "little weight" to Dr. Simmons statements regarding Plaintiff ultimate disability status, for example, Plaintiff had a "total disability with regards to her regular work and a marked partial disability with regard to all work."  (T. 21-22.)  The ALJ correctly concluded the determinations went to the ultimate issue of disability which is reserved to the Commissioner under 20 C.F.R. § 416.927(d).  (T. 22.)  The treating physician rule does not apply to administrative findings, such as whether a plaintiff is disabled, because such findings are reserved to the Commissioner.  *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 77 (2d Cir. 2018).

The ALJ also properly afforded "limited weight" to Dr. Simmons's opinions Plaintiff could perform "light work" and "less than sedentary work." (T. 22.) The ALJ concluded Dr. Simmons's opinions were inconsistent with his treatment notations suggesting Plaintiff improved after surgery. (T. 22.) The ALJ concluded Dr. Simmons's "severely restrictive" limitations were inconsistent with "other opinions provided after his." (*Id*.) In support of her conclusion, the ALJ cited the opinion of consultative examiner, Donna Miller, D.O. (*Id*.)

Although the ALJ did not explicitly discuss the *Burgess* factors in her analysis of Dr. Simmons's opinions, it is clear from the ALJ's decision she considered the factors. Before assessing Dr. Simmons's opinion, the ALJ summarized the *Burgess* factors outlined in the regulations at 20 C.F.R. §§ 404.1527(c)(2), 416.927(c). (T. 21.) In her written decision the ALJ acknowledged Dr. Simmons's specialty in orthopedics. (T. 19); 20 C.F.R. §§ 404.1527(c)(2)(iv), 416.927(c)(2)(iv). The ALJ then proceeded to outline, over the course of six paragraphs, specific treatment Plaintiff received from Dr. Simmons. (T. 19-20); 20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i). The ALJ noted Dr. Simmons, like Mr. Howard, concluded Plaintiff could perform "less than sedentary work" based on a functional capacity evaluation. (T. 20); 20 C.F.R. §§ 404.1527(c)(2)(ii), 416.927(c)(2)(ii). Lastly, the ALJ outlined evidence in the record she considered inconsistent with Dr. Simmons's opinion Plaintiff was limited to "less than sedentary" work, such as treatment notations and Dr. Miller's opinion. (T. 22); 20 C.F.R. §§ 404.1527(c)(2)(iii), 416.927(c)(2)(iii).

Therefore, although the ALJ did not explicitly discuss the *Burgess* factors in her evaluation of Dr. Simmons's opinion, the ALJ's adherence to the factors is clear from

her written decision.  *See Guerra,* 778 F. App'x at 77 ("While the ALJ here did not always explicitly consider the *Burgess* factors when assigning the treating physician' opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned."); *see Meyer v. Comm'r of Soc. Sec.*, 794 F. App'x 23 (2d Cir. Nov. 25, 2019) (although ALJ's decision was silent on whether treating source was a specialist, the ALJ nonetheless gave good reasons for assigning the doctor's opinion little weight).

The ALJ provided good reasons in affording Dr. Simmons's opinion less than controlling weight.  As outlined above, the ALJ reasonably determined Dr. Simmons's opinion, limiting Plaintiff to "less than sedentary work," was inconsistent with the doctor's treatment notations, other objective evidence in the record, and Dr. Miller's opinion.  (T. 20-22); *see Domm v. Colvin*, 579 F. App'x 27 (2d Cir. 2014) (the ALJ properly pointed to substantial evidence for giving the treating source statement only probative weight, noting that the restrictive assessment was inconsistent with the source's own treatment notes, the conclusion of other medical sources, and plaintiff's testimony regarding her daily functioning).

After taking Plaintiff's history and performing an examination, Dr. Miller opined Plaintiff had "moderate limitation for heavy lifting, bending, carrying, pushing, and pulling" and "should avoid dust, irritants, and tobacco exposure."  (T. 381.)  Dr. Miller noted Plaintiff appeared to not put effort into the exam.  (T. 380.)  A consultative examiner's opinion may be accorded greater weight than a treating source's opinion where the ALJ finds it more consistent with the medical evidence.  *See Suttles v. Colvin*,

654 F. App'x 44, 46 (2d Cir. 2016) (no error by ALJ to give great weight to consultative examiner's opinion because it was consistent with record evidence).

The ALJ also reasonably determined Dr. Simmons's limitations were inconsistent with Plaintiff's reported improvement of symptoms after surgery. (T.21); *see Meyer v. Comm'r of Soc. Sec.*, 794 F. App'x 23, 26 (2d Cir. 2019) ("The ALJ reasonably determined that Dr. Perri's opinions were entitled to less weight in light of Dr. Perri's heavy reliance on Meyer's self-reported well-being and the circumstance that Dr. Perri's evaluations did not appear to reflect Meyer's symptomatic improvement."). The ALJ relied on Dr. Simmons's notations indicating Plaintiff was "doing well" after surgery, had some tenderness with palpation over her cervical spine, and was making good progress. (T. 19.) The ALJ relied on Dr. Simmons's November 2013 examination at which time he observed reduced range of motion in Plaintiff's cervical spine and normal strength in her upper extremities. (*Id*.) At that time Dr. Simmons stated Plaintiff could not perform her past work as a stocker and could return to gainful employment with "light duty restrictions." (*Id*.) The ALJ also properly considered the objective evidence in the record in assessing Dr. Simmons's opinion. Results of testing showed no evidence of peripheral nerve entrapment in Plaintiff's wrist or elbow and cervical radiculopathy could not be assessed. (*Id*.) The ALJ also correctly stated that a June 2014 MRI showed no disc pathology above or below Plaintiff's spinal fusion. (T.19, 313, 361.)

The ALJ also considered Plaintiff's lack of treatment received after surgery in assessing opinion evidence and overall RFC. *See Davis v. Berryhill*, No. 6:17-CV-06168, 2018 WL 1980251, at *4 (W.D.N.Y. Apr. 27, 2018) (ALJ did not error in weighing

treating source statement based, in part, on plaintiff's lack of frequency of treatment); *see Cichocki v. Astrue*, 534 F. App'x. 71, 75 (2d Cir. 2013) ("Because [the treating source]'s medical source statement conflicted with his own treatment notes, the ALJ was not required to afford his opinion controlling weight."). For example, the ALJ relied on the limited treatment for neck and back complaints until April 2016, more than one year after Dr. Miller's March 2015 consultative examination. (T. 20, 378, 440.) Given Plaintiff's lack of frequency of treatment, and the generally unremarkable treatment notes, the ALJ did not err in her weighing of the opinion.

Regarding the FCE, the ALJ considered the results of the examination performed by Mr. Howard in assessing the opinion evidence in the record. (T. 20.) The ALJ noted Mr. Howard's statement that Plaintiff's functioning might improve if she completed a physical therapy program and work conditioning. (T. 288.) Mr. Howard's notations further indicate Plaintiff refused to do strength testing and refused to lift an empty box. (T. 293.) Therefore, the ALJ properly considered the findings contained in the FCE. *See Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (affirming the ALJ's decision not to assign greater weight to a physical therapist's functional capacity evaluation, adopted by a treating physician, because other than the PT's observation of the plaintiff lifting ten pounds, the rest of the physical therapist's findings were of uncertain origin, and it appeared that some, if not all of them were obtained from plaintiff's own description of his abilities and activities); *Russitano v. Colvin*, No. 6:14-CV-403 (TJM), 2015 WL 4496383, at *5-6 (N.D.N.Y. July 23, 2015) (rejecting the argument that a PT's FCE is objective medical evidence, as opposed to an opinion, because the plaintiff has subjective control over the level of effort put forth in performing tasks in the FCE);

*Breland v. Comm'r of Soc. Sec.*, No. 5:15-CV-414, 2016 WL 4491711, at *3 (N.D.N.Y. Aug. 1, 2016) (ALJ did not err in finding that a PT's FCE was not supported by diagnostic testing or explanations of methodology that would substantiate the conclusions, or in giving limited weight to the treating doctor who adopted the FCE without explaining her rationale) *report and recommendation adopted*, 2016 WL 4487781 (N.D.N.Y. Aug. 25, 2016).

The ALJ has the duty to evaluate conflicts in the evidence.  *See* 20 C.F.R. §§ 404.1567(c)(i), 416.927(c)(i); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, No. 16-02672, 2018 WL 459678, at *3 (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).  "[O]nce an ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder *would have*

*to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012).

Overall, the ALJ properly assessed the opinions of treating source, Dr. Simmons. Although the ALJ did not explicitly discuss the *Burgess* factors, it is clear from her decision that she was aware of the factors and applied them to her assessment of the doctor's opinions. The ALJ's determination to afford Dr. Simmons's opinions less than controlling weight was proper and supported by substantial evidence in the record.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: November 23, 2020

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge